IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MONICA TIMOTHY and JOSHUA TIMOTHY,<br><br>Plaintiffs,<br><br>v.<br><br>AQUA FINANCE, INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:06-cv-00921-TS-PMW<br><br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

      This case was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Aqua Finance, Inc.'s ("AFI") motion to compel Monica and Joshua Timothy (collectively, "Plaintiffs") to respond to AFI's requests for production of documents and for sanctions;[2] (2) AFI's motion for a protective order concerning certain discovery requests Plaintiffs have served on AFI;[3] (3) a motion filed by the Division of Consumer Protection of the Utah Department of Commerce (the "Division") to quash

---

[1] This case was previously assigned to District Judge Paul G. Cassell, *see* docket no. 3, who entered the original order referring this case to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(A). *See* docket no. 35. On November 14, 2007, this case was reassigned to District Judge Stewart, *see* docket no. 44, who affirmed that order of reference. *See* docket no. 45.

[2] *See* docket no. 32.

[3] *See* docket no. 37.

a subpoena duces tecum served on it by Plaintiffs;[4] and (4) Plaintiffs' motion for an extension of time to file a reply memorandum on their motion to extend the fact discovery deadline.[5] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

### I.  AFI's Motion to Compel

On August 7, 2007, AFI served requests for production of documents on Plaintiffs. Pursuant to rule 34 of the Federal Rules of Civil Procedure, Plaintiffs' responses to those requests were due on or before September 10, 2007.  *See* Fed. R. Civ. P. 34(b); *see also* Fed. R. Civ. P. 6(a), (e).  That deadline was extended, however, by stipulation of the parties.  Pursuant to civil rule 77-2(a)(4) of the Rules of Practice for the United States District Court for the District of Utah, *see* DUCivR 77-2(a)(4), the Clerk of the Court entered an order extending the deadline for Plaintiff's responses to AFI's requests for production to October 1, 2007.[6]

AFI asserts, and Plaintiffs do not dispute, that Plaintiffs failed to provide responses to AFI's requests for production by the extended deadline of October 1, 2007.  As a result, AFI's counsel telephoned Plaintiffs' counsel on October 9, 2007, but was unsuccessful in reaching Plaintiffs' counsel.  However, AFI's counsel left a message for Plaintiffs' counsel requesting that

---

[4]  *See* docket no. 41.

[5]  *See* docket no. 52.

[6]  *See* docket no. 26.

they meet and confer concerning Plaintiffs' failure to respond to AFI's requests for production. The same day, AFI's counsel faxed a letter to Plaintiffs' counsel demanding responses to AFI's requests for production. That letter also indicated that if AFI did not receive Plaintiffs' responses by October 12, 2007, AFI would file a motion to compel.

When Plaintiffs' counsel did not respond to AFI's counsel's message or letter, AFI filed its motion to compel. In the motion, AFI seeks an order compelling Plaintiffs to provide written responses, without objection, to AFI's pending requests for production and to produce the relevant documents. In addition, AFI requests that the court order Plaintiffs to pay AFI the attorney fees incurred in connection with its motion to compel.

In response, Plaintiffs do not dispute that they failed to provide responses to AFI's requests for production by the October 1 deadline. However, Plaintiffs make several arguments to justify that failure.

First, Plaintiffs' counsel claims that AFI's counsel's October 9 letter somehow extended the deadline for responding to AFI's requests for production to October 12. As noted by AFI's counsel, however, Plaintiff's counsel has misinterpreted the content of that letter. The letter did not extend the deadline, but instead merely stated that if Plaintiffs' responses were not received by October 12, AFI would file a motion to compel. Further, even assuming that Plaintiffs' counsel interpreted AFI's counsel's letter as a stipulation to extend the deadline, that "extension" was not approved by the court and, as a result, was not effective. *See* DUCivR 83-6 ("No stipulation between the parties modifying a prior order of the court or affecting the course or conduct of any civil proceeding will be effective until approved by the court."). For these

3

reasons, the court has determined that this argument is not persuasive and that Plaintiffs' responses to AFI's requests for production were indeed due on the date last set by the court, October 1, 2007.

Second, and based upon the success of his first argument that the deadline for Plaintiffs' responses was somehow extended, Plaintiffs' counsel asserts that on October 12, 2007, he attempted to assemble all of the documents in response to AFI's requests for production "into one common electronic file format" and send them to AFI via e-mail. Plaintiffs' counsel then lists numerous technical problems relating to electronic file conversion and e-mail transmission that delayed him in sending the responsive documents to AFI. Presumably assuming that it would be somehow relevant, Plaintiffs' counsel claims that he commenced sending the responsive documents via e-mail at 12:57 p.m. on October 15, 2007, and that on the same day, AFI commenced filing its motion to compel at 12:53 p.m. and completed filing all related documents at 1:04 p.m. Without any elaboration, Plaintiffs' counsel also states that AFI's counsel sent him a letter on October 16, 2007, indicating that AFI had received Plaintiffs' counsel's e-mail transmission but was unable to open some of the electronic files sent via e-mail.

The court has determined that these arguments are equally unpersuasive. Plaintiffs' counsel makes much of his problems relating to technical and other difficulties he experienced between October 12 and October 15. That argument misses the mark. The issue that Plaintiffs' counsel should have addressed, but failed to, was why he did not commence assembling the responsive documents until October 12 when he had ample time prior to that date to do so. Contrary to Plaintiffs' counsel's portrayal, the court is not presented with a situation where a

party provided responses to discovery requests several minutes late. Plaintiffs' counsel not only had the original thirty days provided by rule 34, but he also had the benefit of a stipulated extension of the deadline for providing responses. Plaintiffs' counsel does not even attempt to explain why he did not provide responses to AFI's requests for production during those periods of time. Instead, he bases his entire argument on the difficulties he experienced between October 12 and October 15, a period of time falling over ten days after the October 1 due date for Plaintiffs' responses. In addition, it appears that several of the electronic files sent by Plaintiffs' counsel are unreadable and unusable. Plaintiffs' counsel makes note of AFI's counsel's October 16 letter, but makes no effort to describe what he has done to remedy the problems with the electronic files.

Third, Plaintiffs' counsel argues that Defendants did not make the good faith effort to meet and confer about Plaintiffs' tardy discovery responses, as required by rule 37 of the Federal Rules of Civil Procedure and civil rule 37-1 of the Rules of Practice for the United States District Court for the District of Utah. *See* Fed. R. Civ. P. 37(a)(2)(B), DUCivR 37-1(a). Plaintiffs' counsel asserts that AFI's counsel's October 9 phone call and letter were insufficient to satisfy that requirement. Plaintiff's counsel further asserts that the certification contained in AFI's motion indicating that it satisfied the obligation to meet and confer is also insufficient.

The court is likewise unpersuaded by that argument. As noted by AFI, given Plaintiffs' complete failure to respond or object to any of the requests for production, it is unclear what, if anything, there was to meet and confer about. Even putting that aside, at the same time that Plaintiffs' counsel claims that AFI failed in its obligation to meet and confer or attempt to meet

and confer, he also admits that AFI's counsel attempted to contact him on October 9, over a week after Plaintiffs' responses were due.  Further, Plaintiffs' counsel makes no mention of any efforts he made to respond to AFI's counsel's efforts to contact him.  Instead, Plaintiffs' counsel asserts that his attempt to send responsive documents on the same day AFI filed its motion to compel—October 15, which was over two weeks after the responsive documents were due—leads to the conclusion that AFI's motion to compel "is clearly without merit."  To the contrary, the court concludes that it is Plaintiffs' counsel's argument that is without merit.

Based on the foregoing, AFI's motion to compel[7] is **GRANTED**.  Plaintiffs shall produce responses, without objection, to AFI's pending requests for production and produce the relevant documents within ten (10) days of the date of this order.  Said production may be made in either hard copy or electronic format, provided that any production made in electronic format is readable and usable by AFI.

Turning to AFI's request for sanctions, the court has determined that while it is a close question, such an award is not appropriate under all of the circumstances at this time.  Accordingly, AFI's request for sanctions is **DENIED**.

As a final matter relating to AFI's motion to compel, the court recognizes that AFI may have been prejudiced by Plaintiffs' failure to provide responses to AFI's requests for production in a timely fashion.  Indeed, AFI noted in its reply memorandum that it needed the documents in question in order to take certain depositions prior to the fact discovery deadline of November 15,

---

[7] *See* docket no. 32.

2007, which has already passed. In order to alleviate this prejudice, AFI may, after receiving the responsive documents from Plaintiffs, move the court for leave to conduct any additional discovery that it believes was hindered or prevented because of Plaintiffs' failure to respond to AFI's requests for production.

## II. AFI's Motion for Protective Order

Plaintiffs originally filed this action against AFI and several other defendants on October 27, 2006.[8] Plaintiffs later filed an "Amended Class Action Complaint" on February 22, 2007.[9] AFI answered Plaintiffs' amended complaint on March 28, 2007.[10] Although Plaintiffs' complaint was captioned as a "Class Action Complaint," Plaintiffs have never filed a motion to certify this case as a class action. *See* Fed. R. Civ. P. 23(c)(1)(A); DUCivR 23-1(d).

On October 11, 2007, approximately one month prior to the fact discovery deadline of November 15, 2007, Plaintiffs sent multiple discovery requests to AFI. AFI asserts that approximately one half of those requests do not relate to Plaintiffs' individual claims but instead are relevant only to the "class" claims. In its memorandum in support of its motion, AFI identifies the specific discovery requests that relate to Plaintiffs' "class" claims (collectively, the "class-related discovery requests"). Because AFI did not believe that Plaintiffs' case had been properly certified as a class action, AFI's counsel sent a letter to Plaintiffs' counsel on October

---

[8] *See* docket no. 1.

[9] *See* docket no. 2.

[10] *See* docket no. 9.

18, 2007.  In that letter, AFI's counsel identified the class-related discovery requests and informed Plaintiffs' counsel that AFI would seek a protective order on those requests unless Plaintiffs agreed to withdraw them.  According to AFI, Plaintiffs' counsel never responded to that letter.

As a result, AFI filed its motion for a protective order, in which it seeks to prohibit Plaintiffs from enforcing the class-related discovery requests and from propounding any further discovery requests relating to claims other than those of Plaintiffs as individuals.  In its motion, AFI argues that it should not be forced to respond to the class-related discovery requests because Plaintiffs have not moved to certify this case as a class action within the time allowed by this court's rules.  *See* DUCivR 23-1(d) ("Unless the court otherwise orders, the proponent of a class shall file a motion for certification that the action is maintainable as a class action within ninety (90) days after service of a pleading purporting to commence a class action, including cross claims and counterclaims.").  AFI further asserts that because that ninety-day time period has expired, Plaintiffs should not now be permitted to begin discovery relating to their uncertified "class" claims.

In response, Plaintiffs advance several arguments.  First, Plaintiffs assert that because the parties did not limit discovery in their attorney planning meeting report,[11] discovery on their "class" claims is proper.  Plaintiffs contend that "[u]nless the parties affirmatively limited discovery on one of the contention[s] made in a party's pleadings (i.e., Plaintiffs' class action

---

[11] *See* docket no. 22.

claims), discovery on that contention is proper." Accordingly, Plaintiffs argue that "AFI has waived any objection it may have had pursuant" to rule 23-1(d).

Second, Plaintiffs argue that rule 23-1(d) should not be construed to conflict with rule 23(c)(1)(A). Rule 23(c)(1)(A) provides that "[w]hen a person sues or is sued as a representative of a class, the court must—at an early practicable time—determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Rule 23-1(d) provides that "[u]nless the court otherwise orders, the proponent of a class shall file a motion for certification that the action is maintainable as a class action within ninety (90) days after service of a pleading purporting to commence a class action, including cross claims and counterclaims." DUCivR 23-1(d). Plaintiffs assert that to the extent rule 23-1(d) is inconsistent with rule 23(c)(1)(A), "the local rule must be read down to conform with the federal rule." More specifically, Plaintiffs argue that if the local rule is to be read consistent with the federal rule, a class certification motion must be brought within ninety (90) days only if it is "practicable." In order to be "practicable," Plaintiffs contend that a class certification motion can be brought only if a plaintiff already has within its possession all of the facts and evidence necessary to establish grounds for a class action. Applying that principle to this case, Plaintiffs contend that it is not practicable to file their class certification motion because AFI has refused to respond to the class-related discovery requests, and those responses contain the information and evidence necessary for Plaintiffs to bring that motion.

Finally, in a somewhat peculiar argument, Plaintiffs maintain that rule 23-1(d) does not provide grounds for dismissal of Plaintiffs' class claims. More specifically, Plaintiffs argue that AFI is attempting to use rule 23-1(d) "to dismiss all cases joined with Plaintiffs' individual case."

The court will address each of Plaintiffs' arguments in turn. First, Plaintiffs' argument that AFI has somehow waived any objection it had pursuant to rule 23-1(d) is entirely without merit. In essence, Plaintiffs argue that by stipulating to the attorney planning meeting report, AFI has somehow agreed that this case should proceed as a class action. The court finds this argument fanciful, particularly when Plaintiffs never filed the motion required under rule 23-1(d) to certify this case as a class action. Taking Plaintiffs' argument to its logical conclusion, Plaintiffs appear to be claiming that because AFI stipulated to the attorney planning meeting report, it could have never opposed any motion for class certification under rule 23-1(d). This argument is not only without merit, but it is also illogical. AFI was not obligated to take any action relating to Plaintiffs' failure to seek class certification in a timely manner. Moreover, Plaintiffs' argument is squarely contradicted by paragraph 1.a. of the attorney planning meeting report, which provides that "AFI and the remaining Defendants deny that there is a basis for a class action."

Second, the court concludes that rule 23-1(d) does not conflict with rule 23(c)(1)(A). Rule 23 provides that the court must make the determination about whether a case can proceed as a class action "at an *early* practicable time." Fed. R. Civ. P. 23(c)(1)(A) (emphasis added). Rule 23-1(d) helps to aid the court in making that determination at an early practicable time by requiring the proponent of a class action to file a motion to certify the case as a class action

within ninety (90) days of service of the complaint.  *See* DUCivR 23-1(d).  By its own terms, rule 23-1(d) allows that time limit of ninety (90) days to be extended by order of the court.  *See id.* (providing that the motion for class certification must be brought within ninety (90) days "*[u]nless the court otherwise orders*" (emphasis added)).  As noted by AFI, the court is not faced with a situation where Plaintiffs should have been granted an extension of time under rule 23-1(d) or where there was a minor delay in seeking class certification under rule 23-1(d).  Plaintiffs have never sought an extension of time in which to bring a motion for class certification.  In addition, Plaintiffs have not taken any action to move for class certification.

      Plaintiffs make much of the term "practicable" as it is used in rule 23(c)(1)(A) but fail to address the significance of the term "early" as it is used in the same rule.  Fed. R. Civ. P. 23(c)(1)(A).  Plaintiffs contend that it is not practicable to file their class certification motion because AFI has refused to respond to the class-related discovery requests, and those responses contain the information and evidence necessary for Plaintiffs to bring that motion.  However, Plaintiffs have not attempted to explain the timing of the class-related discovery requests.  More specifically, Plaintiffs have provided no explanation for their failure to attempt to conduct the necessary discovery at the earliest possible time.  Instead, Plaintiffs served the class-related discovery requests near the end of the discovery period, which in the court's view, is not consistent with the requirement of determining at "an early practicable time" whether Plaintiffs' case should proceed as a class action.  *Id.*  Moreover, as previously noted, Plaintiffs have provided no explanation for their failure to attempt to comply with the ninety-day deadline contained in rule 23-1(d) or their failure to seek an extension of the ninety-day deadline.  In sum,

Plaintiffs appear to believe that they can seek class certification at their own leisure and when it is most convenient for them, rather than in accordance with the requirements of either rule 23(c)(1)(A) or rule 23-1(d).

Finally, the court has determined that Plaintiffs' argument concerning AFI's attempt to use rule 23-1(d) to dismiss Plaintiffs' class claims is without merit. Contrary to Plaintiffs' claim, AFI is not attempting to use rule 23-1(d) to dismiss Plaintiffs' class claims. Instead, AFI is merely is seeking protection from having to respond to the class-related discovery requests because Plaintiffs failed to move to certify this case as a class action in a timely fashion. While Plaintiffs may not be able to pursue their class claims because of their own failure to take the affirmative act required by rule 23-1(d), that does not compel the conclusion that AFI is using the same rule as a tool to dismiss Plaintiffs' claims.

Based upon the foregoing, AFI's motion for a protective order[12] is **GRANTED**. Plaintiffs are hereby prohibited from enforcing the class-related discovery requests and from propounding any further discovery requests relating to claims other than those of Plaintiffs as individuals.

### III. The Division's Motion to Quash

On October 31, 2007, Plaintiffs served a subpoena duces tecum on the Division seeking certain documents from the Division. The Division filed its motion to quash that subpoena on November 14, 2007. In its motion, the Division admits that it must and will produce any public

---

[12] *See* docket no. 37.

records. However, the Division argues that the Utah Government Records Access and Management Act ("GRAMA") prohibits it from producing nonpublic or private records without a court order and that a subpoena does not qualify as such a court order under GRAMA. Accordingly, the Division seeks to quash Plaintiffs' subpoena insofar is it requests documents that are classified as nonpublic or private records under GRAMA. The Division asserts that it contacted Plaintiffs' counsel prior to filing its motion to inquire whether this matter could be resolved by stipulation and order. According to the Division, Plaintiffs' counsel refused that offer.

Pursuant to GRAMA, it appears that the court could order the Division to produce the nonpublic or private records requested by Plaintiffs' subpoena. *See* Utah Code Ann. § 63-2-202(7). However, Plaintiffs have not filed a timely opposition to the Division's motion to quash. That motion was filed on November 14, 2007. As a result, Plaintiffs' memorandum in opposition to that motion was due on or before December 3, 2007. *See* DUCivR 7-1(b)(3); *see also* Fed. R. Civ. P. 6(a), (e). As of the date of this order, the court has not received any memorandum in opposition to the motion from Plaintiffs.

Because Plaintiffs have not opposed it in a timely manner, the Division's motion to quash[13] is **GRANTED**. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice."). Plaintiffs are hereby prohibited from

---

[13] *See* docket no. 41.

13

enforcing any of the requests in their subpoena to the Division seeking documents that are classified as nonpublic or private records under GRAMA.

### IV.  Plaintiffs' Motion for Extension of Time to File Reply Memorandum

In this motion, Plaintiffs request an additional fourteen (14) days in which to file their reply memorandum on their motion to extend the fact discovery deadline.  For the reasons set forth in Plaintiffs' motion,[14] and based upon good cause appearing, said motion is **GRANTED**.  Plaintiffs shall file their reply memorandum on their motion to extend the fact discovery deadline on or before December 24, 2007.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED**:

1.      AFI's motion to compel[15] is **GRANTED**.  Plaintiffs shall produce responses, without objection, to AFI's pending requests for production and produce the relevant documents within ten (10) days of the date of this order.  Said production may be made in either hard copy or electronic format, provided that any production made in electronic format is readable and usable by AFI.  AFI's request for sanctions in connection with its motion to compel is **DENIED**.

---

[14] *See* docket no. 52.

[15] *See* docket no. 32.

2.      AFI's motion for a protective order[16] is **GRANTED**.  Plaintiffs are hereby prohibited from enforcing the class-related discovery requests and from propounding any further discovery requests relating to claims other than those of Plaintiffs as individuals.

3.      The Division's motion to quash[17] is **GRANTED**.  Plaintiffs are hereby prohibited from enforcing any of the requests in their subpoena to the Division seeking documents that are classified as nonpublic or private records under GRAMA.

4.      Plaintiffs' motion for an extension of time to file their reply memorandum on their motion to extend the fact discovery deadline[18] is **GRANTED**.  Plaintiffs shall file said reply memorandum on or before December 24, 2007.

**IT IS SO ORDERED**.

DATED this 5th day of December, 2007.

                                                                BY THE COURT:

                                                                _____
                                                                PAUL M. WARNER
                                                                United States Magistrate Judge

---

[16]  *See* docket no. 37.

[17]  *See* docket no. 41.

[18]  *See* docket no. 52.