IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MONICA TIMOTHY and JOSHUA TIMOTHY, <br><br> Plaintiffs, <br><br> vs. <br><br> AQUA FINANCE, INC., et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFFS' OBJECTION <br><br><br> Case No. 2:06-CV-921 TS |

Before the Court is Plaintiffs' Objection[1] to Magistrate Judge Paul M. Warner's Memorandum Decision and Order,[2] entered December 5, 2007, granting two discovery-related motions:[3] (1) Defendant Aqua Finance, Inc.'s Motion for Protective Order;[4] and (2) Utah Division of Consumer Protection's Motion to Quash.[5] The Order was entered pursuant to an

---

[1]Docket No. 55.

[2]Docket No. 53.

[3]The Order also dealt with two other nondispositive motions: (1) Defendant Aqua Finance, Inc.'s Motion for Order Compelling Plaintiffs to Produce Documents, and for Sanctions [Docket No. 32]; and (2) Plaintiffs' Motion for Extension of Time to File a Reply Memorandum [Docket No. 52]. However, Plaintiff does not object to the Order with respect to these motions.

[4]Docket No. 37.

[5]Docket No. 41.

1

Order of Reference under 28 U.S.C. § 636(b)(1)(A), referring all nondispositive matters in this case to Magistrate Judge Warner.[6]

As the Order deals solely with nondispositive matters, Federal Rule of Civil Procedure 72(a) directs that this Court employ a "clearly erroneous or contrary to law" standard of review. Under the clearly erroneous standard, this court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[7] Courts recognize that wide discretion is given to the Magistrate Judge in discovery rulings.[8]

### 1.    *Motion for Protective Order*

The Order granting Defendant Aqua Finance's Motion for Protective Order prohibits Plaintiffs from enforcing certain specified discovery requests related to class claims and from propounding new discovery requests related to class claims, because no class has been certified in this case as Plaintiffs failed to move for certification of their alleged class within the time period established by DUCivR 23(d).

Having considered the Order and Plaintiffs' Objection thereto, the Court is unable to find any clear error in the ruling on the Motion for Protective Order. Rather, the Court fully agrees with the reasoning outlined therein. Accordingly, the Court will overrule Plaintiffs' Objection to the Order with respect to the Motion for Protective Order.

---

[6] Docket Nos. 35, 45.

[7] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[8] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir.1999).

In so doing, the Court notes that it has not considered Plaintiffs' arguments regarding whether specific paragraphs in their requests for admission are related to class claims. This issue was not raised by Plaintiffs before Magistrate Judge Warner and the Court will not address it now while reviewing solely for clear error.

    2.    *Motion to Quash*

The Utah Division of Consumer Protection's Motion to Quash was granted pursuant to DUCivR 7-1(d)[9] because Plaintiffs failed to file a memorandum in opposition. As the Court finds no clear error in this disposition, Plaintiffs' Objection to the Order with respect to the Motion to Quash will be overruled.

Accordingly, it is hereby

ORDERED that Plaintiffs' Objection [Docket No. 55] to the Memorandum Decision and Order is OVERRULED.

DATED January 22, 2008.

                                            BY THE COURT:

                                            _____
                                            TED STEWART
                                            United States District Judge

---

[9]"Failure to respond timely to a motion may result in the court's granting the motion without further notice." DUCivR 7-1(d).